**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

CENTER FOR BIOLOGICAL DIVERSITY,
378 N. Main Avenue
Tucson, AZ 85701;

Plaintiff,

v.

DOUG BURGUM, in his official capacity as
Secretary of the U.S. Department of the Interior,
1849 C Street, NW
Washington DC 20240;

BRIAN NESVIK, in his official capacity as
Director of the U.S. Fish and Wildlife Service,
1849 C Street, NW
Washington DC 20240; and

U.S. FISH AND WILDLIFE SERVICE,
1849 C Street, NW
Washington, DC 20240;

Defendants.

Civil Action No. 26-0391 (ACR)

**STIPULATED SETTLEMENT AGREEMENT**

This Stipulated Settlement Agreement ("Agreement") is entered into by and between Plaintiff Center for Biological Diversity ("Plaintiff") and Defendants Doug Burgum, in his official capacity as U.S. Secretary of the Interior, Brian Nesvik, in his official capacity as Director of the U.S. Fish and Wildlife Service, and the U.S. Fish and Wildlife Service ("Service") (collectively, "Defendants"), who, by and through their undersigned counsel enter into the following Stipulated Settlement Agreement ("Agreement") for purposes of resolving the above-captioned case. The parties thus agree and stipulate, as follows:

WHEREAS, on April 22, 2024, Defendants received Plaintiff's petition dated April 22, 2024, requesting the Service list the saltmarsh sparrow (*Ammospiza caudacuta*) as a threatened species or an endangered species under the Endangered Species Act ("ESA") and concurrently designate critical habitat, 16 U.S.C. § 1531 et seq.;

WHEREAS, Defendants have not issued a "90-day finding" on the petition;

WHEREAS, on September 15, 2025, Defendants received Plaintiff's letter dated September 15, 2025, stating its intent to file suit to compel the Service to complete a 90-day finding with respect to the petition to list the saltmarsh sparrow pursuant to 16 U.S.C. § 1533(b)(3)(A);

WHEREAS, on December 18, 2025, the Service responded to Plaintiff's September 15, 2025, letter;

WHEREAS, on February 11, 2026, Plaintiff filed the above-captioned action to compel the Service to complete the 90-day finding with respect to the petition to list the saltmarsh sparrow by a date certain;

WHEREAS, Plaintiff and Defendants (collectively, "the Parties"), by and through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiff's claim, have negotiated a settlement that they consider to be in the public interest and a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiff's Complaint;

NOW, THEREFORE, the Parties hereby stipulate and agree as follows:

1. On or before December 3, 2026, the Service shall submit to the Office of the Federal Register a 90-day finding as to whether the Center's April 22, 2024, petition to list the saltmarsh sparrow (*Ammospiza caudacuta*) as a threatened species or an endangered species

under the ESA "presents substantial scientific or commercial information indicating that the petitioned action may be warranted," pursuant to 16 U.S.C. § 1533(b)(3)(A).

2. The order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the Parties filed with and approved by the Court, or upon written motion filed by one of the Parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadline specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim or modification. The Parties agree that they will meet and confer (either telephonically or in person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. If the Parties are unable to resolve the claim themselves, either party may seek relief from the Court.

3. In the event that Defendants fail to meet the deadline specified in Paragraph 1 and have not sought to modify it, Plaintiff's first remedy shall be a motion to enforce the terms of this Agreement, after following the dispute resolution procedures described above. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

4. In the event of a lapse in appropriations during the period between the signing of this Agreement and the deadline set forth in Paragraph 1, the deadline set forth in Paragraph 1 shall be extended by the number of calendar days between the first day of the lapse in

appropriations and the date the President signs into law a budget appropriation such that funding is restored to the Department of the Interior.

5. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural. Likewise, nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any determination made pursuant to Paragraph 1. To challenge any final determination issued pursuant to Paragraph 1, Plaintiff will be required to file a separate action. Defendants reserve the right to raise any applicable claims or defenses to such challenges.

6. Without waiving any defenses or making any admissions, Defendants agree to pay Plaintiff $8,100.33 in attorneys' fees and costs. Plaintiff agrees to accept the $8,100.33 from Defendants in full satisfaction of any and all claims, demands, rights, and causes of action for any and all attorneys' fees and costs Plaintiff reasonably incurred in connection with the above captioned litigation through the signing of this Agreement, including in pursuit of Plaintiff's claims for such fees, costs, and expenses.

7. Plaintiff also acknowledges that under 31 U.S.C. §§ 3711, 3716, 26 U.S.C. § 6402(d), 31 C.F.R. §§ 285.5, 901.3, and other authorities, the United States will offset against the

award of attorneys' fees and costs Plaintiff's delinquent debts to the United States, if any. *See Astrue v. Ratliff*, 560 U.S. 586 (2010).

8. Payment will be made to the Center for Biological Diversity by electronic funds transfer into the trust account identified in Paragraph 9. Plaintiff and its attorneys agree to hold Defendants harmless in any litigation, further suit, or claim arising from the payment of the agreed-upon settlement amount, other than for an allegation of Defendants' breach of this Agreement.

9. No later than ten (10) days after the entry of an order approving this Agreement, Plaintiff's counsel shall provide counsel for Defendants the information necessary to process the payment set forth in Paragraph 6, including: the Plaintiff's name, the payee's name, the payee's address, the payee's bank name and bank address, the payee's bank account name and account number, the account type, the Automated Clearing House ("ACH") routing number or the American Banking Association ("ABA") routing number for FedWire payment, the bank routing transit number ("RTN"), and Plaintiff's tax identification number.

10. Defendants agree to submit to the U.S. Department of the Treasury's Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g)(4), all necessary paperwork for the processing of the attorneys' fees award within fifteen (15) days from receipt of the necessary information from Plaintiff or from approval of this Agreement by the Court, whichever is later. Plaintiff, through counsel, shall confirm receipt of the payment to Defendants within seven (7) business days of Plaintiff's counsel receiving notice of such payment.

11. By entering into this Agreement, Defendants do not waive any right to contest fees and costs claimed by Plaintiff or Plaintiff's counsel in any future litigation or continuation of the present action.

12. The Parties agree that this Agreement was negotiated in good faith and that it constitutes a settlement of claims disputed by the Parties. No part of this Agreement shall have precedential value in any litigation or in representations before any court or forum or in any public setting. Nothing in this Agreement shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement or any similar claims brought in the future by any other party. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable timeline for making determinations regarding the listing of any species. Except as expressly provided in this Agreement, the Parties do not waive or relinquish any legal rights, claims, or defenses they may have.

13. This Agreement contains all the terms of agreement between the Parties concerning Plaintiff's Complaint and is intended to be the final and sole agreement between the Parties with respect thereto. The Parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

14. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the terms and conditions of this Agreement and do hereby agree to the terms herein. Further, each party, by and through its undersigned representative, represents and warrants that it has the legal power and authority to enter into this Agreement and bind itself to the terms and conditions contained in this Agreement.

15. The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

16. Upon adoption of this Agreement by the Court, all counts of Plaintiff's Complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the Parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms, until Defendants satisfy their obligations under this Agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Respectfully submitted this 23rd day of September, 2026.

*/s/ Lia Comerford*
Lia Comerford, D.D.C. Bar #OR0033
lcomerford@biologicaldiversity.org

CENTER FOR BIOLOGICAL DIVERSITY
P.O. Box 11374
Portland, OR 97211
Tel: 971-717-6420

*Attorney for Plaintiff*

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Brian J. Levy*
BRIAN J. LEVY
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-6734

*Attorneys for the United States of America*